### JAMES CASSIDY *v.* HIS CREDITORS.

APPEAL from the District Court of the First District, *Buchanan,* J.

*Grivot,* for the syndic.

*Greiner,* for the appellant.

MORPHY J.    In April last, this case was before us on an opposition of William J. Moffat, to the tableau of distribution filed by

the syndic. It was then remanded for further proceedings, there being no evidence in the record, that the mortgage given by the insolvent to secure the note of $1000 held by the opposing creditor, had been recorded so as to be binding and valid as to third persons. See 2 Robinson, 47. It now comes up with a certificate from the Recorder of Mortgages, which shows that the act of mortgage was duly recorded two days after its date, and thus completes the evidence necessary to render the opposition successful. The judge of the inferior court accordingly ordered Wm. J. Moffat to be placed on the tableau of distribution as a mortgage creditor, but to be paid only after the privileged claims therein set forth.

From this judgment Moffat has appealed, being dissatisfied with that part of it which orders his mortgage to be paid after the privileged claims; and the syndic has joined in the appeal, praying for the reversal of the judgment, and the dismissal of the opposition.

So far as relates to the claim of Wm. J. Moffat, as a mortgage creditor, the testimony adduced sustains in our opinion the judgment appealed from; but it appears that, in the contest relative to the note of $1000, which formed the most important item of the tableau of distribution, the balance of the opposition was lost sight of, in which the several charges and privileged claims were specially opposed, and their existence denied. These charges and claims amounted to $488 75, of which only one item, of $100 was supported by any evidence. As these claims are ordered to be paid in preference to the appellant's debt, he was surely entitled, under his opposition, to require some proof of their correctness. Most of the costs charged to the estate are represented to have been incurred by P. Rivière, the present syndic, in an opposition which he had previously made to the insolvent's discharge on the ground of fraud, and which had been dismissed; and in a number of rules taken by other creditors, and discharged at their costs. We have been asked to strike out all the charges for costs in the tableau, which have not been proved. This we cannot do without committing injustice, as we know that the estate cannot have been settled without incurring some law charges, which must be paid out of the proceeds of the slave mortgaged to the

appellant, in case they exceed the sum of $175, which appear to be the only funds in the hands of the syndic, independent of such proceeds. *Civil Code, articles* 3233, 3236. *Under such circumstances*, we think that the case should be once more remanded. Of this the appellant cannot complain, as by examining the Clerk and Sheriff he could, himself, have ascertained, what proportion of the costs was improperly charged to the estate; and as, on the first appeal in this case, he was allowed an opportunity of showing the registry of his claim, the existence of which appeared to be the only thing in dispute below.

It is therefore ordered that the judgment of the District Court be reversed, and that this case be remanded for further proceedings according to law; the costs of this appeal to be borne by the appellee.